# Exhibit D

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| IN RE MATTER OF THE EX PARTE ) <br> APPLICATION OF THE RENCO GROUP INC. ) <br> AND THE DOE RUN RESOURCES CORP. FOR ) <br> AN ORDER TO TAKE DISCOVERY ) <br> PURSUANT TO 28 U.S.C. § 1782 ) <br>                                           ) <br> Applicants. | Civil Action No. 22-21115-MC-LENARD |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
#### RE-ISSUED FOR AGREED DATE AND AGREED SERVICE VIA EMAIL

To:                                   Victor Careaga
                                        Medley, FL 33178

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Rivero Mestre, LLP <br><br> 2525 Ponce de Leon Blvd., Suite 1000, Coral Gables, FL 33134 | Date and Time:  03/07/2023 at 10:00 A.M |
|---|---|
| The deposition will be recorded by will be recorded by: | stenographic and sound-and-visual means by a certified court reporter and a certified digital reporter. |

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

> See attached Schedule A, which is incorpoated into this subpoena.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/01/2023

        *CLERK OF COURT*

                                        OR

                                                s/ *Robert Kuntz*

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     The Renco Group, Inc. and The Doe Run Resources Corporation _____ , who issues or requests this subpoena, are:

Robert Kuntz, Esq., Rivero Mestre, LLP, 2525 Ponce de Leon Blvd, Suite 1000, Coral Gables, FL 33134 (305) 445-2500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

I.  **DEFINITIONS**

As used in this Subpoena, the following terms and words have the following meanings:

1.      "All" or "any" means each and every.

2.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed to be outside their scope.

3.      The word "Concerning" means relating to, referring to, describing, evidencing or constituting.

4.      The words "Document" or "Documents" mean any and all handwritten, typewritten, printed or otherwise recorded matter of whatever character, or graphic material (however produced or reproduced), tapes or other voice recordings, and all other tangible objects including but not limited to booklets, procedures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, checks, bills, invoices, photographs, agendas, receipts, minutes, memoranda, written instructions, letters, expense accounts, messages, appraisals, analyses, reports, plans, evaluations, financial calculations and representations, diary entries, time sheets, calendars, telephone logs, visitor logs, telephone message slips, correspondence, communications, e-mails, telegrams, press releases, advertisements, notes, handwritten notes, transcripts, surveys, working papers, drawings, schedules, tabulations and projections, studies, graphs, charts, films, videotapes, microfiche, printouts, all other data whether recorded by electronic or any other means, including drafts of any of the foregoing and any other data in your possession, custody, or control and including all items that are in storage anywhere, of any source of authorship. The definition of "document" also includes information stored in or retrievable from equipment or media that includes, but is not limited to, desktop PCs or workstations, PCs, workstations, minicomputers, or mainframes used as file servers, application

1

servers, or electronic mail servers, other minicomputers and mainframes, laptop, notebooks, electronic tablets, smartphones and other portable computers, whether assigned to individuals or in pools available for shared use, home computers, backup disks and tapes, archival disks and tapes, and other forms of off-line storage, whether stored on-site with the computers used to generate them or off-site in another computer facility or by a third party, electronic mail messages, even if available only on backup or archive disks or tapes. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be produced.

5.      The word "person" or "persons" means all individuals and entities including, but not limited to, natural persons, trusts and estates, legal or investment advisors, auditors, directors, employees, trustees, fiduciaries, representatives, delegates, consultants, attorneys, agents, functionaries, or otherwise affiliated individuals, whether serving full-time or part-time, whether paid or unpaid, whether regular or alternate, including any individuals having possession, custody, or control of documents or information relating to the present application.

6.      The terms "You" and "Your" mean Victor Armando Careaga or any other person acting or purporting to act on Victor Armanda Careaga's behalf.

7.      The term "Ayala Law" means Ayala Law, P.A., the law firm based in Miami, Florida.

8.      The term "Halpern Santos & Pinkert" means Halpern Santos & Pinkert, P.A., the law firm based in Coral Gables, Florida.

9.      The term "Rodriguez Tramont & Nuñez" means Rodriguez Tramont & Nuñez, P.A., the law firm based in Coral Gables, Florida.

10.      The term "SB&D" means Schlichter Bogard & Denton, LLP, the law firm based in Saint Louis, Missouri.

2

11.     The term "U.S. Law Firms" means SB&D, Rodriguez Tramont & Nuñez, Ayala Law, Halpern Santos & Pinkert, and any other U.S.-based law firm involved at any time in the Missouri lawsuits, including any individual lawyer, paralegal or other person working at any of those law firms.

12.     The term "Missouri lawsuits" means the ongoing lawsuits pending in the Eastern District of Missouri against Doe Run Resources Corporation, the Renco Group, Inc., and others in relation to alleged injuries in La Oroya, Peru, including but not limited to lead cases Nos. 4:11-CV-44-CDP and 4:15-CV-1704-RWS.

13.     The term "*Vaso de Leche* program" refers to a federal, state, or local government program in Peru that provides milk to low-income children and their families.

14.     The term "Plaintiff" refers to any person who currently or at any time in the past was recruited (whether directly or through a guardian, representative or family member) to be a possible plaintiff in the Missouri lawsuits, whether or not that person actually ever did become a plaintiff in the Missouri lawsuits.

15.     The term "Recruit" or "Recruitment" refers to the process of getting persons in Peru to become involved as possible plaintiffs in the Missouri lawsuits, including but not limited to the process of having such persons sign an engagement letter with any of the U.S. Law Firms in connection with the Missouri lawsuits.

16.     The term "Recruiter" means any person who enrolled or attempted to enroll or managed the enrollment or potential enrollment of plaintiffs or their guardians for the Missouri lawsuits. This term is to be construed broadly to include any individual with any involvement in the local recruitment process.

17.     The word "Bank statement" means a summary of financial transactions which occurred during relevant time periods.

3

18. The word "Payment" means any and all exchanges or deliveries of money or anything of any value. This term refers to monetary exchanges, as well as gift or other exchange of value.

19. The word "Wire transfers" means any electronic transmission of credit from one financial institution to another.

## II.   INSTRUCTIONS

1. You should produce the documents as follows: (1) in the exact order in which they are kept in the ordinary course of business; or (2) classified according to the specific request(s) to which they are responsive.

2. To the extent that you do not have possession, custody, or control of any documents identified as responsive to a particular request herein, please indicate the lack of possession, custody, existence, or control of the responsive documents in your response.

3. Pursuant to Rule 45(e)(1)(a) of the Federal Rules of Civil Procedure, documents, shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found and the address of each document's custodian(s), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

4. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these requests any documents or information that might otherwise be construed to be outside their scope.

5.      The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these requests any documents or information that might otherwise be construed to be outside their scope.

6.      If you are unable to respond fully to a request, respond to the fullest extent possible and specify the reasons for your inability to respond in full.

7.      If you withhold any documents on grounds of a claim of attorney-client privilege, the attorney work product doctrine, or any other privilege or protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection and provide the following information:

(a)      The subject matter of the document;

(b)      The title, heading, or caption of the document, if any;

(c)      The identifying number, letter, or combination thereof, if any, and the significance or meaning of such number, letter, or combination thereof;

(d)      The date appearing on the document or, if no date appears thereon, the date or approximate date on which the document was prepared;

(e)      The general nature or description of the document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages in the document;

(f)      The identity of the person who signed the document and, if it was not signed, the identity of each person who prepared it;

(g)      The identity of each person to whom the document was addressed and the identity of each person to whom a copy or blind copy thereof was sent; and

(h)      The identity of each person who has custody of any copy or version of the document.

5

8.      "Identify" or provide the "identity," with respect to a document, means to state:

(a)     The date and nature of the document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.);

(b)     The title, subject, or heading of the document;

(c)     The identity of each author, addressee(s), copy addressee(s), blind copy addressee(s), and every natural person or entity to whom the document was disclosed;

(d)     A description of the document's subject matter; and

(e)     The production number or other identification number of the document, if any.

9.      These requests for production of documents require you to produce all responsive documents in your possession, custody, or control from all files that contain responsive documents, wherever located. Without limitation, these requests for production require you to produce documents subject to your control even though located in the files of other persons, such as your agents, representatives, employees, and attorneys, including in other offices located outside of New York.

10.     When producing responsive documents, you should state to which document request(s) each document being produced is responsive.

11.     These document requests are not limited as to time, except as expressly set forth Below.

12.     Any electronic information should be produced in searchable format.

13.     In responding to these requests:

(a)     If a document was, but no longer is, in your possession, custody, or control, state:

i.      how the document was disposed of;

6

ii.     the name, current address, and telephone number of the natural person or the entity who currently has possession, custody, or control of the document;

iii.     the date of disposition; and

iv.     the name, current address, and telephone number for each natural person or the entity who authorized said disposition or who had knowledge of said disposition.

(b)     If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

## III.    __DOCUMENTS TO BE PRODUCED__

1.     Any and all documents describing or reflecting your role in the recruitment of plaintiffs in Peru at any time, including but not limited to engagement letters, contracts of employment, organizational charts or instructions provided to you by any of the U.S. Law Firms.

2.     Any and all documents regarding directions or instructions for, or methods, tactics or strategies used or to be used in, the recruitment of plaintiffs in Peru.  This request includes but is not limited to information and materials that you or someone else provided to recruiters in Peru (such as Richard Romero and Miguel Curi) to facilitate the enrollment of plaintiffs and correspondence between you and anyone else involved in the Missouri lawsuits (such as the U.S. Law Firms) about what methods, tactics or strategies the recruiters in Peru should employ in trying to enroll such plaintiffs.

3.     Any and all documents regarding the involvement of or assistance by anyone associated with the *Vaso de Leche* Program in the recruitment of plaintiffs in Peru, including but not limited to documents concerning methods, tactics or strategies to be used for such recruitment.

4.      Any and all correspondence between you and any recruiter, adviser, government official, church official, member of the media or anyone involved in the administration of the *Vaso de Leche* Program in Peru regarding the recruitment of plaintiffs or potential plaintiffs.

5.      Any and all documents regarding any payment made or to be made, or any other benefit provided or to be provided, to the *Vaso de Leche* Program or anyone associated with it in exchange or as compensation for assistance provided or to be provided in the recruitment of plaintiffs in Peru.

6.      Any and all documents regarding a program to provide Christmas or other holiday gifts to children in Peru which was proposed or used to facilitate the recruitment of plaintiffs.

7.      Any and all documents reflecting or related to any forged or falsified document for use in the Missouri lawsuits, including but not limited to correspondence concerning the possible or known forgery or falsification of any document regarding plaintiffs or potential plaintiffs that would or might be used in connection with the Missouri lawsuits.

8.      Any and all documents regarding the use of notaries in Peru to notarize forged or falsified documents or documents bearing forged or falsified signatures, including but not limited to communications with any U.S. Law Firm or any recruiter in Peru regarding the same.

9.      Any and all documents regarding any payment made or to be made, or any other benefit given or to be given, by any U.S. Law Firm or by anyone else to notaries in Peru who notarized or were asked to notarize forged or falsified documents or documents bearing forged or falsified signatures.

10.     Any and all documents regarding any payment made by any of the U.S. Law Firms to you in connection with any activity in Peru relating to the Missouri lawsuits, including but not limited to advances or reimbursements for travel expenses, lodging, food, the purchase of supplies,

the payment of recruiters' salaries, payments of notary fees, and duplication or other administrative costs.

11. Any and all documents reflecting or concerning any payments made, directly or indirectly, by any U.S. Law Firm or anyone else to any plaintiff or potential plaintiff (or their parent, guardian, or representative) in connection with their participation or potential participation in the Missouri lawsuits, including but not limited to bank statements, wire transfers, receipts or other records of payments, and correspondence regarding any payments.

12. Any and all documents reflecting or concerning any financial or other inducement (such as money, food, gifts or travel arrangements) provided, directly or indirectly, by any U.S. Law Firm or anyone else to any plaintiff or potential plaintiff (or their parent, guardian, or representative) to participate in the Missouri lawsuits, including but not limited to bank statements, wire transfers, receipts or other records of payments, and correspondence regarding any payments.

13. Any and all documents reflecting or concerning any financial or other inducement (such as money, food, gifts or travel arrangements) provided, directly or indirectly, by any U.S. Law Firm or anyone else to any government employee or church official in Peru, including but not limited to bank statements, wire transfers, receipts or other records of payments, and correspondence regarding any payments.

14. Any and all documents reflecting any concern raised by anyone regarding any of the recruitment efforts, tactics or strategies used or to be used in Peru.

15. Any and all documents reflecting your awareness of any false or misleading statements made to any plaintiff or potential plaintiff in connection with the recruitment of plaintiffs for the Missouri lawsuits.

16. Any and all documents reflecting your awareness of any fraud, improper inducement, bribery, extortion, forgery or falsification committed by anyone in connection with

9

the Missouri lawsuits, including in connection with the recruitment of plaintiffs or the request for records from or about any plaintiff or potential plaintiff.

17.     Any and all video or audio recordings, transcripts or notes taken of meetings between you, any of the U.S. Law Firms or any recruiter and any potential plaintiff in Peru in which the possibility of participating in the Missouri lawsuits was first explained or discussed.

18.     Any and all video or audio recordings, transcripts or notes taken of meetings between you or any of the U.S. Law Firms and any of the recruiters in Peru in which instructions were given or discussed for how to identify or enroll potential plaintiffs for the Missouri lawsuits.

19.     Any and all records of travel by you or by any U.S. Law Firm to Peru in connection with recruiting or obtaining records from or about any plaintiff or potential plaintiff, including but not limited to airline tickets, payment records, and correspondence regarding the travel.

20.     Records of any and all cash withdrawals that you made from a bank in the United States or in Peru for the purpose of making a payment to anyone in connection with the Missouri lawsuits.

21.     Any and all documents or correspondence describing, discussing or reflecting your relationship with any of the U.S. Law Firms, both before and after your disbarment in Florida.

10