# Exhibit F

| | |
|---|---|
| **From:** | Victor Careaga |
| **To:** | Robert Kuntz |
| **Cc:** | Angelica Mecias |
| **Subject:** | [EXTERNAL] Re: Clarification regarding production of documents at your deposition on Tuesday, March 7, 2023. |
| **Date:** | Friday, March 3, 2023 8:43:27 AM |

**This Message originated outside your organization.**

Good morning, Mr. Kuntz,

I received your email sent by you yesterday.

Victor Careaga

On Thu, Mar 2, 2023 at 5:58 PM Robert Kuntz <rkuntz@riveromestre.com> wrote:

> Mr. Careaga:
>
> With respect to the documents requested in the subpoena duces tecum for your deposition on Tuesday, March 7, 2023, we have received papers from plaintiff's counsel in the Missouri litigation taking the position that those requests contravene Judge Sippel's January 26, 2023 Memorandum and Order in the Missouri litigation. They are wrong about that and Doe Run and Renco will respond to counsel's filings in due course. We have not received any such objections from you, but although you are not represented by those lawyers (a fact they confirmed this week), you are employed by them, so we anticipate you may wish to take the same ill-advised position.
>
> For the avoidance of doubt, let us be clear: **We do _not_ seek from you discovery specific to <u>any plaintiff whose claim is currently pending</u> in the Missouri litigation (the only limitation that Judge Sippel placed on discovery in the Florida matters).**
>
> Excluding such current-plaintiff-specific documents does not, of course, relieve you of your obligations under the subpoena. Your activities in Peru have been wide-ranging, and the methods and practices that you and others used to recruit would-be "plaintiffs" and to collect or create documents and records have been employed for years. So they likely apply in many cases to current plaintiffs and to dismissed plaintiffs in the Missouri litigation. Accordingly, you must search for and produce responsive documents even if such documents are *theoretically relevant* to represented plaintiffs—because, for example, the same person recruited plaintiffs whose claims are pending and plaintiffs whose claims have been dismissed, or because a document

references recruitment practices generally and mentions no individual plaintiff.

Producing such documents is required under the subpoena, while being fully consistent with Judge Sippel's order.

We do, of course, seek documents that are specific to any *dismissed* plaintiffs. And where a document is otherwise responsive but references individuals whose claims are now pending in the Missouri litigation, you should redact all personally identifying information and produce the document.

Please contact us if you have any questions.  We look forward to seeing you Tuesday and to your production of all responsive documents.

Please kindly reply to acknowledge your receipt of this correspondence.

RIVERO MESTRE

**Robert Kuntz**
Partner
Rivero Mestre LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
(O) (305) 445-2500 | (D) (786) 746-8209
(C) (786) 942-7759 | (F) (305) 445-2505
rkuntz@riveromestre.com
www.riveromestre.com | Bio | LinkedIn | Vcard

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more**

**useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

| | |
|---|---|
| **From:** | Robert Kuntz |
| **To:** | Susana Elzey; Jorge A. Mestre; PLanciotti@NapoliLaw.com; KChesebro@NapoliLaw.com; Andres Rivero |
| **Cc:** | Frank Rodriguez; Paulino Nunez; Angelica Mecias |
| **Subject:** | RE: Case 1:22-mc-21115-JAL In Re: The Renco Group Inc. and the Doe Run Resources Corporation |
| **Date:** | Friday, March 3, 2023 11:50:36 AM |
| **Attachments:** | EXTERNAL Re Clarification regarding production of documents at your deposition on Tuesday March 7 2023..msg |

Mr. Rodriguez:

Victor Careaga is properly subpoenaed and noticed, and his deposition is set for the day, time and place at which he agreed to appear. While you have just this week confirmed to us that neither your firm, nor the Napoli firm, represents him, although you may not be his counsel, you are his employer, so I cannot imagine you don't already know this.

I find it odd, too, that you state in your letter that you "stand willing to work with [us] to expedite resolution of the matters raised [your] motions, without delay." When we spoke on the phone on Monday to meet and confer on your motion, I told you that, although both your proposed intervention and your motion to vacate Judge Lenard's order granting the 1782 petition are baseless, I was certainly willing to discuss your motion as if it were a proper Rule 45 objection. I offered to go through the Careaga document requests item by item and see how we might limit or revise the requests to allay your concerns. You declined to do so. Instead you re-filed your ill-advised, factually flawed papers unchanged with Magistrate Judge Louis.

All that aside, you doubtless already know that we have clarified with Mr. Careaga that we are not seeking, and he should not produce, documents relating to specific current plaintiffs in the Eastern District of Missouri actions. (On the extremely unlikely chance he has not already shared it with you, I've attached our correspondence with Mr. Careaga from yesterday.) Accordingly, insofar as your papers might have raised any legitimate concerns about documentary discovery regarding current plaintiffs, those concerns have been laid entirely to rest.

**For the avoidance of doubt, let me reiterate: Mr. Careaga has been advised—and he has confirmed that he has been advised—that we are not**

**seeking, and he need not produce, documents related to current plaintiffs. Any continued pursuit by your office to obtain a protective order granting the relief you have already thus been afforded, could only be frivolous.**

With respect to the deposition itself, even if you were Mr. Careaga's attorney—and, again, you have assured us you are not, as has he—you could not properly suggest postponing a deposition on the basis that questions that haven't yet been asked *might* invade a privilege. The proper way to proceed is for the witness to receive the question and for his counsel then to object if it is encroaching on privilege. Mr. Careaga (or his attorney, should he bring one) is free to object to a question he thinks improper, or to refuse to answer one he thinks invades the privilege. Then we are free to raise those specific objections or refusals with the Court. But until a question is asked, there is no conceivable basis on which to object to it – let alone is that a basis to postpone this deposition that we have been seeking for nearly a year.

As it happens, however, you may rest easy regarding even those academic concerns, as well. With preparations for the deposition essentially complete, I can tell you that I do not anticipate asking Mr. C **any** questions at all that will invade the attorney-client privilege of any plaintiff – current, former or prospective.

In light of the foregoing, we will not postpone Mr. Careaga's deposition. He is under compulsion of a subpoena. He is properly noticed. He has agreed to the date and time of the deposition and promised he would appear.

Under the current circumstances, should Mr. Careaga fail to appear, he would be subject not only to a motion to compel, but to sanctions. *Spano v. Satz*, 09-60255-CIV, 2010 WL 11515690, at *2 (S.D. Fla. May 3, 2010); *In re Steffen*, 433 B.R. 879, 883–84 (M.D. Fla. 2010); *Kelly v. Old Dominion Freight Line. Inc.*, 2010 WL 1676772 (11th Cir.2010); *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602 (11th Cir.1984)

We expect to see Mr. Careaga on Tuesday at 10:00 a.m.

Very truly yours,

RIVERO MESTRE

**Robert Kuntz**
Partner
Rivero Mestre LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
(O) (305) 445-2500 **|** (D) (786) 746-8209
(C) (786) 942-7759 **|** (F) (305) 445-2505
rkuntz@riveromestre.com
www.riveromestre.com **|** Bio **|** LinkedIn **|** Vcard

This message may contain confidential and privileged information. If it has
been sent to you in error, please reply to advise the sender of the error and
then immediately delete this message.

---

**From:** Susana Elzey <se@rtgn-law.com>
**Sent:** Thursday, March 2, 2023 4:24 PM
**To:** Robert Kuntz <rkuntz@riveromestre.com>; Jorge A. Mestre <jmestre@riveromestre.com>;
PLanciotti@NapoliLaw.com; KChesebro@NapoliLaw.com; Andres Rivero
<arivero@riveromestre.com>
**Cc:** Frank Rodriguez <frr@rtgn-law.com>; Paulino Nunez <pan@rtgn-law.com>; Susana Elzey
<se@rtgn-law.com>
**Subject:** [EXTERNAL] Case 1:22-mc-21115-JAL In Re: The Renco Group Inc. and the Doe Run
Resources Corporation

**This Message originated outside your organization.**

---

Dear Mr. Kuntz:  Please see correspondence from Mr. Frank
Rodriguez.


Thank you,

Sue Elzey, Legal Assistant

Rodriguez Tramont & Nuñez, P.A.

255 Alhambra Circle, Suite 1150

Coral Gables, Florida 33134

Telephone: 305-350-2300

Facsimile: 305-350-2525

Email: se@rtgn-law.com

www.rtgn-law.com

NOTE: The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Rodriguez Tramont & Núñez, P.A. for any loss or damage arising in any way from its use.

| | |
|---|---|
| **From:** | Victor Careaga |
| **To:** | Robert Kuntz; Patrick Lanciotti; KChesebro@napolilaw.com; Angelica Mecias; Frank Rodriguez; Paulino Nunez; Jorge A. Mestre; Andres Rivero |
| **Subject:** | [EXTERNAL] My deposition in connection with Case 1:22-mc-21115 -JAL In Re: The Renco Group, Inc. and the Doe Run Resources Corporation |
| **Date:** | Monday, March 6, 2023 1:48:30 PM |

## This Message originated outside your organization.

Dear Mr. Kuntz,

Undoubtedly, there has been a lot of back and forth between yourself and counsel for the Plaintiffs in the last few days addressing the issues related to the taking of my deposition, and whether it should proceed *tomorrow.*

Based on all the emails exchanged which I have read, I am extremely uncomfortable appearing for deposition until such time as the Court addresses and resolves the issues both sides have taken. This said, and as Mr. Rodriguez represented, I stand ready and willing to appear for deposition within ten (10) days of receiving the Court's guidance.

Please understand *my* position.  I know you and your clients are eager to proceed.  Waiting just a few more days should not prejudice anyone.  In fact, it seems the interests of justice would be best served this way.

I thank you in advance for your understanding and cooperation.

Very truly yours,

**Victor A. Careaga**

| | |
|---|---|
| **From:** | Robert Kuntz |
| **To:** | Victor Careaga; Patrick Lanciotti; KChesebro@napolilaw.com; Angelica Mecias; Frank Rodriguez; Paulino Nunez; Jorge A. Mestre; Andres Rivero; Allison Henry |
| **Subject:** | RE: [EXTERNAL] My deposition in connection with Case 1:22-mc-21115 -JAL In Re: The Renco Group, Inc. and the Doe Run Resources Corporation |
| **Date:** | Monday, March 6, 2023 2:00:03 PM |

Mr. Careaga:

You are under subpoena.

Barring an order relieving you of your obligation to appear, your obligation remains.

We will convene at 10:00 tomorrow morning, as per the subpoena, the notice of deposition, and your agreement.

If you fail to appear, we will take a non-appearance and promptly file a motion to compel your appearance, for sanctions (including all applicable costs and fees), and for any such other relief as is allowed. If we must file such a motion, I suspect that you will find the court sees through the transparent combined efforts of you and Mr. Rodriguez (with whom you have certainly coordinated the charade of the last several days) as easily as we do.

I look forward to seeing you tomorrow morning.


RIVERO MESTRE

**Robert Kuntz**
Partner
Rivero Mestre LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
(O) (305) 445-2500 **|** (D) (786) 746-8209
(C) (786) 942-7759 **|** (F) (305) 445-2505
rkuntz@riveromestre.com
www.riveromestre.com **|** Bio **|** LinkedIn **|** Vcard

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Victor Careaga <victoracareaga23@gmail.com>
**Sent:** Monday, March 6, 2023 1:48 PM
**To:** Robert Kuntz <rkuntz@riveromestre.com>; Patrick Lanciotti <PLanciotti@napolilaw.com>; KChesebro@napolilaw.com; Angelica Mecias <amecias@riveromestre.com>; Frank Rodriguez <frr@rtgn-law.com>; Paulino Nunez <pan@rtgn-law.com>; Jorge A. Mestre <jmestre@riveromestre.com>; Andres Rivero <arivero@riveromestre.com>
**Subject:** [EXTERNAL] My deposition in connection with Case 1:22-mc-21115 -JAL In Re: The Renco Group, Inc. and the Doe Run Resources Corporation

 **This Message originated outside your organization.**

Dear Mr. Kuntz,

Undoubtedly, there has been a lot of back and forth between yourself and counsel for the Plaintiffs in the last few days addressing the issues related to the taking of my deposition, and whether it should proceed *tomorrow.*

Based on all the emails exchanged which I have read, I am extremely uncomfortable appearing for deposition until such time as the Court addresses and resolves the issues both sides have taken. This said, and as Mr. Rodriguez represented, I stand ready and willing to appear for deposition within ten (10) days of receiving the Court's guidance.

Please understand *my* position.  I know you and your clients are eager to proceed.  Waiting just a few more days should not prejudice anyone.  In fact, it seems the interests of justice would be best served this way.

I thank you in advance for your understanding and cooperation.

Very truly yours,

**Victor A. Careaga**