IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:22-mc-21115-LENARD

IN RE: MATTER OF THE EX PARTE           )
APPLICATION OF THE RENCO GROUP INC.     )
AND THE DOE RUN RESOURCES               )
CORPORATION FOR AN ORDER TO             )
TAKE DISCOVERY PURSUANT TO              )
28 U.S.C. § 1782                        )
_____ )

**REPLY IN SUPPORT OF INTERVENORS'
MOTION TO STAY PENDING APPEAL**

Intervenors, Rodriguez Tramont & Nuñez, P.A. and Napoli Shkolnik PLLC (collectively, "Rodriguez/Napoli Intervenors"), respectfully submit this reply in support of their motion (ECF No. 105) to stay all proceedings in this Court pending the resolution of their appeal to the Eleventh Circuit Court of Appeals. *See* ECF No. 99 (Notice of Appeal). Although, as discussed in a recent hearing before Magistrate Judge Louis on October 24, 2024, it appears that both the appeal and the relief sought in this stay motion may rapidly become moot, given an interview of Victor Careaga by Peruvian authorities is scheduled for November 12 to enable them to obtain all information they need for their investigation (thus eliminating any basis for a Section 1782 proceeding in the United States), the Rodriguez/Napoli Intervenors briefly answer Petitioners' arguments under the four-factor standard for a stay.

**I.   This Court Retains Jurisdiction to Enforce its Discovery Orders, and to Grant a Stay of These Proceedings Pending Appeal**

We agree with Intervenor Halpern Santos & Pinkert, P.A. ("Halpern") that this Court has authority both to enforce its discovery orders pending appeal, and to grant a stay pending appeal. To avoid repetition, we adopt the analysis in Halpern's reply brief. ECF No. 129 at 1-2.

**II.  This Court Should Exercise Its Discretion to Enter a Stay**

There is ample basis for this Court to stay enforcement of its order until the Eleventh Circuit has resolved the appeal, particularly given the likelihood that the appeal will meet with success, and Petitioners' inability to show any serious harm in delay, especially now that the Peruvian authorities are scheduled to have direct access to Victor Careaga as part of their investigation. We here address the four relevant factors that must be considered.

**A.  Likelihood of Success**

Petitioners' opposition to a stay (ECF No. 124) fails to confront a critical aspect of the argument made by the Rodriguez/Napoli Intervenors regarding the adequacy of the privilege logs tendered by them, as to which the Magistrate Judge refused to accord protection based on a lack of detail and contextualization. ECF No. 78 at 17-19.

As the Rodriguez/Napoli Intervenors argued before the Magistrate Judge, and further argued to the District Court on appeal (ECF No. 82 at 9-10), as to the vast majority of the documents, which were created *after* the filing of the *Collins* mass tort litigation in the Eastern District of Missouri, under Local Rule 26.1(e)(2)(C) the

2

Rodriguez/Napoli Intervenors were explicitly excused from preparing *any* privilege log, as these documents were "created after commencement of the action." The basis of that rule, of course, is simple: there is no need to decide whether a document was created in *anticipation* of litigation when it was created *after* the litigation was commenced.

The Rodriguez/Napoli Intervenors have set out at length the history, now going on for nearly ten years in the Eastern District of Missouri, of Intervenors' clients litigating against Petitioners and their principals and affiliates (collectively, the "*Collins*" case). The Rodriguez/Napoli Intervenors, therefore, had the right to rely on the plain language of Rule 26.1(e)(2)(C) in concluding that there was no need to go into much detail in creating a privilege log for the vast majority of documents created *after* commencement of the *Collins* action. As we argued to this Court (ECF No. 82 at 9-10), respectfully, the Magistrate Judge was incorrect as a matter of law in reading Rule 26.1(e)(2)(C) as inapplicable on the basis that "the action" referenced in it is the *current* action, brought by Petitioners under Section 1782. We submit that the rule plainly contemplates that work product protection attaches as soon as a document is created in connection with *litigation of the action to which it relates.*

The District Court's order affirming the Magistrate Judge did not address this vital point. ECF No. 106 at 9-11.[1] Petitioners have not even attempted to argue

---

[1] The Court's failure to address the basic point that, under Rule 26.1(e)(2)(C), there is no need for a privilege log regarding the vast majority of the documents created *after* the commencement of litigation is illustrated by footnote 3 on page 10 of the Court's order. There the Court listed several categories of documents that were created *after* commencement of the *Collins* litigation (set forth in D.E. 58-5), such as

3

against it. ECF No. 124 at 5-8. Rulings that interpret court rules "present[] a question of law subject" and thus are subject to *de novo* review on appeal. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188–89 (11th Cir. 2013). Thus it seems clear that, provided the Eleventh Circuit adheres to the plain language of Rule 26.1(e)(2)(C), this Court's ruling that documents created for the *Collins* cases are not presumptively entitled to work product protection, and that the burden was on the Rodriguez/Napoli Intervenors rather than on Petitioners (again, the litigation opponents of the clients of the Rodriguez/Napoli Intervenors), and that the Magistrate Judge would decline *in camera* review of the documents to obtain more detailed information concerning them -- will in all likelihood be reversed on appeal. (On the obligation to engage in *in camera* review, the analysis in the Halpern reply brief, ECF No. 129 at 4-5, is hereby adopted.)

## B. Irreparable Harm

Both the Rodriguez/Napoli Intervenors and their clients, who are *Collins* plaintiffs in the mass-tort litigation currently pending in the Eastern District of Missouri, would suffer irreparable harm if the documents sought by Petitioners were disclosed before the appeal is concluded. Petitioners are defendants in that litigation, and the documents at issue directly relate to the strategies employed by *Collins'* plaintiffs' counsel in handling that litigation. The Rodriguez/Napoli Intervenors note

---

airplane tickets, receipts, and emails, which it observed "were not obviously created in anticipation of litigation . . . ." But all these documents were created *in the furtherance of already instituted litigation*, and thus under the Local Rule, there was no need to establish that they were created in *anticipation* of *future* litigation.

that Petitioners' assertion that stays pending appeal in § 1782 cases are routinely denied is unsupported. *See Fuhr v. Credit Suisse AG*, 687 Fed. Appx. 810, 812–13 (11th Cir. 2017) (noting that the 11th Circuit granted a stay pending appeal after a motion for stay was denied by district court). Petitioners note, too, that other judges in this district, after first entering an order in a § 1782 case compelling response to discovery, have recognized the need for, and have granted, a stay pending appeal. *See In re Clerici*, No. 05-22689 at 2-3 (S.D. Fla. March 10, 2006) (copy attached). In that case, Judge Huck reasoned:

> [T]he *balance of the equities weighs heavily in favor of staying the discovery* of Respondent's assets. *Respondent undoubtedly would suffer irreparable injury if the stay is not granted* because the United States would be able *to proceed with the discovery before the Eleventh Circuit determines its lawfulness*. Moreover, *once the United States obtains this evidence, a decision of the Eleventh Circuit in favor of Respondent could not undue the injury to him.*
>
> While this harm facing Respondent is irreparable, neither the United States [which sought and obtained the order under § 1782 at issue there] nor NoName [the real party in interest] appear subject to any harm if the discovery proceedings are stayed, let alone any 'substantial harm.'

*Id.* at 2-3 (emphasis added).

A stay is particularly appropriate here, where the Rodriguez/Napoli Intervenors were not served with a subpoena and do not control the documents in question. As intervenors, therefore, the ruling denying work product protection is final and immediately appealable. *See Int'l Horizons, Inc. v. Comm. of Unsecured Creditors*, 689 F.2d 996, 1001 (11th Cir. 1982) ("[W]hen a disclosure order is 'directed to a person who has custody of materials as to which another person may claim privilege of non-

5

disclosure . . . [,] the person who holds the privilege may seek immediate review of the disclosure order.'") (citation omitted).

To avoid repetition, as to the legal authority defining irreparable harm in this context, and in answer to Petitioners' assertion that the cat can somehow "be put back in the bag" (ECF No. 124 at 16), we adopt the analysis in Halpern's reply brief. ECF No. 129 at 5-7.

### C. Harm to Petitioners

There is no basis for concluding that the grant of a stay would cause meaningful harm to Petitioners. The only basis for Petitioners bringing this Section 1782 action lies not in their own interest, but in the interest of the Peruvian authorities in obtaining information from Victor Careaga, who the Peruvian authorities are scheduled to interview in the near future. Petitioners suggest that this Section 1782 action is necessary for Peruvian authorities to obtain documents from Mr. Careaga, ECF No. 124 at 16, but our understanding is that the interview with Mr. Carega will afford a means by which the Peruvian authorities can obtain documents. On this point generally, we adopt the analysis in Halpern's reply brief. ECF No. 129 at 7-8.

### D. Public Interest

We likewise adopt the analysis of the "public interest" factor in Halpern's reply brief. ECF No. 129 at 8-10. It is simply not in the public interest to strip away the protection afforded both lawyers and their clients by the work-product doctrine prior to the resolution of an appeal brought in good faith, at the behest of litigants who are

direct adversaries of the lawyers whose documents are being sought, who are not even asserting their own interest, but instead the interest of authorities in a foreign country who are currently engaging in their own discovery efforts on the same subject matter.

## CONCLUSION

For the foregoing reasons, the Rodriguez/Napoli Intervenors respectfully ask this Court to stay further proceedings in this case pending resolution of the appeal.

Respectfully submitted,

**RODRIGUEZ TRAMONT & NUÑEZ P.A.**

By: /s/ *Paulino A. Núñez Jr.*
Frank R. Rodriguez
Florida Bar No. 348988
Primary email: frr@rtgn-law.com
Paulino A. Núñez Jr.
Florida Bar No. 814806
Primary email: pan@rtgn-law.com
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300

## **CERTIFICATE OF SERVICE**

I certify that on November 8, 2024, I electronically filed this document with the Clerk of the Court using CM/ECF.

I also certify that this document is being served today on all counsel of record by transmission of a Notice of Electronic Filing generated by CM/ECF, and via e-mail to *pro se* party Victor Careaga, at victoracareaga23@gmail.com

>/s/ *Paulino A. Núñez Jr.*
>*Paulino A. Núñez Jr*