EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-22689-CIV-HUCK/SIMONTON

Request for International Judicial
Assistance from the Second Court of
Colon, Civil Branch, Republic of Panama;
Matter of Patricio Clerici

_____/

## ORDER GRANTING MOTION TO STAY PENDING APPEAL

This MATTER is before the Court upon Respondent Patricio Clerici's ("Respondent") Motion to Stay Pending Appeal (DE#16) and Petitioner United States' Response thereto (DE#18). A hearing on the Motion was held on March 3, 2006. For the reasons stated on the record during the hearing and set forth below, this Court finds that Respondent's Motion should be granted.

This case is one of three legal proceedings arising out of a Panamanian court judgment in the amount of $2,000,000.00 entered against Respondent and in favor of NoName Corp. ("NoName"). This case commenced upon the filing of an Application for Assistance by the United States on behalf of the Second Court of Colon, Civil Branch, Republic of Panama ("Panamanian Court"), pursuant to 28 U.S.C. § 1782, seeking evidence of Respondent's assets. The Panamanian Court requested this discovery assistance after NoName filed a petition with it to "begin the procedure complementary to the execution" of the judgment. The two other concurrent proceedings are taking place in the Panamanian court system, where Respondent has appealed the entry of the Panamanian Court's judgment, and in Miami-Dade County Circuit Court, where NoName is attempting to domesticate the judgment.

On October 12, 2005, this Court entered an order (DE#4) granting the Application and authorizing the United States to conduct discovery of Respondent's assets. Shortly thereafter, Respondent filed an opposition memorandum asking this Court to set aside its order authorizing the

Page 1 of 3



discovery. Respondent's memorandum was construed as a motion to vacate this Court's prior order and was denied. Respondent has appealed this Court's decision denying the motion to vacate, and currently seeks a stay of the discovery authorized in this Court's October 12, 2005 order.

The four factors district courts consider in determining whether to grant a stay pending appeal under Fed. R. Civ. P. 62(c) are: (1) the likelihood that the stay applicant will prevail on the merits of the appeal; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially harm the other parties; and (4) the public's interest in the proceeding. See e.g., Hilton v. Braunskill, 481 U.S. 770, 776 (1987). However, "the movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981)).

In this case, the balance of the equities weighs heavily in favor of staying the discovery of Respondent's assets. Respondent undoubtedly would suffer irreparable injury if the stay is not granted because the United States would be able to proceed with the discovery before the Eleventh Circuit determines its lawfulness. Moreover, once the United States obtains this evidence, a decision of the Eleventh Circuit in favor of Respondent could not undue the injury to him.

While this harm facing Respondent is irreparable, neither the United States nor NoName appear subject to any harm if the discovery proceedings are stayed, let alone any "substantial harm." As noted above, Respondent has appealed the entry of the Panamanian Court's judgment, and NoName is in the process of attempting to domesticate the foreign judgment in Miami-Dade County Circuit Court. Until these cases are resolved, evidence of Respondent's assets would not be of any use in the hands of either the United States or NoName.[1] Additionally, to the extent the interest of

---

[1] As was noted during the hearing on the Motion, subsequent events in either of these cases potentially could alter the balance of the equities in staying the discovery of Respondent's

the public is implicated, this Court finds that the public's interest would be furthered by granting the stay until the concurrent proceedings in Panama and Florida are resolved.

Respondent also maintains a "substantial case on the merits" of his claim that the discovery order should not have issued. This Court denied Respondent's motion to vacate on the grounds that, under 28 U.S.C. § 1782, a discovery request for "evidence" that ultimately would be used to enforce a foreign judgment in a foreign court is different, as a matter of law, from an attempt to have a federal district court enforce a foreign judgment. This Court's view of the merits of Respondent's argument obviously is contrary to Respondent's view, and this Court is doubtful of the "mathematical probability" of Respondent's argument. See Ruiz, 650 F.2d at 565. Nonetheless, providing Respondent with interim relief in the form of a stay is warranted in light of the balance of the equities, as well as the failure of the Supreme Court and Eleventh Circuit to address this precise legal issue, over which reasonable minds could differ.

It is therefore ORDERED and ADJUDGED that Respondent's Motion to Stay Pending Appeal (DE#16) is hereby **GRANTED**. All discovery authorized by this Court's Order of October 12, 2005, is **STAYED** pending the Eleventh Circuit's resolution of Respondent's appeal.

DONE and ORDERED in Chambers, Miami, Florida, March 8, 2006.

PAUL C. HUCK
United States District Judge

**Copies furnished to:**
All Counsel of Record
Pedro J. Martinez-Fraga
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Fax: (305)579-0717

---

assets. Any party, therefore, may notify this Court of any such developments, at which time the Court may consider vacating the stay of discovery.