# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE MATTER OF THE *EX PARTE* APPLICATION OF THE RENCO GROUP INC. AND THE DOE RUN RESOURCES CORPORATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782<br><br>Petitioners. | Case No. 22-CV-21115-JAL |

**PETITIONERS' OMNIBUS SUR-REPLY TO THE LAW FIRMS' MOTIONS TO STAY**

Far exceeding their permitted role as limited intervenors in this action, Halpern Santos & Pinkert, P.A., Rodriguez Tramont & Nuñez, P.A., and Napoli Shkolnik PLLC's (collectively "the law firms") improperly introduce new arguments in their replies filed in support of their respective motions for a stay.[1] Specifically, the law firms argue for the first time: (1) that their motions to stay pending appeal (collectively the "Motions") (ECF Nos. 104, 105), could become moot given Victor Careaga's interview with the Peruvian authorities scheduled for November 12, 2024 (ECF No. 130 at 1; ECF No. 129 at 8); and (2) that the Peruvian investigation would "soon be dismissed" due to "recent"[2] amendments to the Peruvian criminal code (ECF No. 129 at 8). The law firms' newly minted arguments are baseless, but bear brief reply.

---

[1] *See* Rodriguez Tramont & Nuñez, P.A. and Napoli Shkolnik PLLC Reply in Support of Intervenor's Motion to Stay Pending Appeal (ECF No. 130) and Reply Brief in Support of Halpern's Motion to Stay (ECF No. 129)(collectively "the Replies").

[2] The "recent" changes in Peruvian law, now invoked by the law firms in the Replies, were conspicuously absent from their Motions—even though this information was available to them at that time.

1

Once again, The Renco Group Inc. and Doe Run Resources Corporation ("the Companies") must set the record straight, as the law firms continue to mischaracterize facts and inject extraneous issues to sidetrack these proceedings. The law firms' assertion that Victor Careaga's declaration before Peruvian authorities would render this Section 1782 proceeding moot—a ***legally*** fallacious assertion we addressed during the October 16, 2024, status conference hearing, in the Companies' Omnibus Opp. to the Law Firms' Mot. to Stay (ECF No. 124 at 15), and during the November 6, 2024 status conference hearing—rings especially hollow since, after the law firms filed replies predicated on the ***fact*** of Careaga's (virtual) appearance, unsurprisingly, Careaga did not in fact appear.  Additionally, no matter how the law firms stretch and twist the "recent" changes in Peruvian law to fit their narrative, they cannot show that the ultimate result of those changes—still in flux—will be the dismissal of the investigation—because it isn't. Simply put, these newly raised arguments are without merit.

1. **Careaga's Failure to Attend His Scheduled Declaration in Peru**

In their Replies, the law firms assert a new theory: that "both the appeal and the relief sought in [their] stay motion[s] may rapidly become moot, given an interview of Victor Careaga by Peruvian authorities is scheduled for November 12 to enable them to obtain all information they need for their investigation (thus eliminating any basis for a Section 1782 proceeding in the United States)." ECF No. 130 at 1. But Careaga failed to appear as scheduled, wasting judicial time and resources in Peru just as he and the law firms have made a practice of doing here. Notably, Careaga's promised declaration was not compelled by the Peruvian authorities. Rather, it was voluntary, apparently staged to sidestep or delay this proceeding, then pulled from the table the moment he and the law firms had made their arguments predicated upon that promise. His absence further demonstrates his disregard for his legal obligations, irrespective of the forum. It is an expansion of Careaga's and the law firms' practice the Court has seen of playing

2

one jurisdiction off another, the latest in a pattern of delay tactics aimed at stalling a deposition and document production ordered by Judge Lenard nearly thirty months ago. *See* ECF Nos. 7, 8.

### 2. Halpern's Misinterpretation of Recent Changes in Peruvian Law

Halpern's reply introduces a new—and erroneous—legal argument, claiming that "due to a recent change in the Peruvian criminal code, the primary conduct under investigation – the alleged 'criminal organization' to falsify documents – is, in fact, no longer a crime." ECF No. 129 at 8. Halpern argues further that, "[i]f the 'alleged criminal conspiracy to defraud [Petitioners] and the courts' (ECF No. 1 at 11) currently under investigation is no longer a crime in Peru, Petitioners do not have any basis even to maintain this action, let alone any immediate, demonstrated need for the contested documents." *Id*. In support of this theory, Halpern cites recent amendments by the Peruvian Congress that amend the organized crime provisions of the Peruvian criminal code[3] to limit underlying crimes to those with penalties of over five years. Sourcing to a non-functional hyperlink, Halpern claims that this would exclude falsification of documents (Art. 427) and ideological falsehood (Art. 428). *Id.* at n1.

Halpern's argument is entirely unfounded and unsupported by any legal authority. Even if taken at face value, this premise fails upon the barest scrutiny. Under the Peruvian Penal Code, falsification of documents and ideological falsehood carry maximum prison sentences of ten and six years, respectively. Specifically, Art. 427 provides that "[a]nyone who makes […] a false document or adulterates a true one […] with the purpose of using the document, shall be punished […] with a prison sentence of no less than two and no more than *ten years*." *See* Title

---

[3] Even if Halpern were right about the criminal organization count (it isn't), Halpern ignores that the Formalization filed by the Peruvian prosecutor in April 2023 naming Careaga among a dozen *imputados* targeted for criminal charges, contains two other counts for falsification of documents and ideological falsehood.

3

XIX, Crimes Against Public Faith, Peruvian Penal Code (emphasis added).[4] Likewise, Art. 428 states, "[a]nyone who inserts […] in a public instrument, false statements concerning facts that must be proven with the document, with the purpose of using it as if the statement were true, shall be punished […] with a prison sentence of no less than three nor more than *six years*." *Id*. (emphasis added). Halpern fails to cite any Peruvian jurisprudence (there is none) where courts have excluded crimes with maximum sentences meeting or exceeding the five-year incarceration threshold as recently amended for organized crime.

But even if the criminal organization charge were eliminated by the change in Peruvian law, the two other charges of falsification of documents and ideological falsehood remain prosecutable. Moreover, a U.S. court is not empowered to conclude that potential foreign legislative changes would justify dismissing an ongoing criminal investigation, let alone a Section 1782 action. Halpern's speculative assertion that the investigation in Peru will soon be dismissed is contradicted by the prosecutor's scheduling of Careaga's declaration, which clearly indicates that the investigation remains active and ongoing. The Petitioners remain parties to a foreign proceeding and entitled, in accord with Section 1782, to obtain evidence found in the Southern District of Florida from a witness in the Southern District of Florida, just as this Court determined long ago.

Once again, the law firms are straying beyond their permitted role as limited intervenors, attempting to derail these proceedings with meritless and irrelevant arguments. They should get out of the way, their Motions should be denied, and Victor Careaga[5] should, at last, appear for

---

[4] Retrieved from Peruvian Ministry of Justice, POLITICAL CONSTITUTION, ORGANIC LAWS AND CODES https://spij.minjus.gob.pe/spij-ext-web/#/detallenorma/H1373649
[5] Who still has not even bothered to move for a stay himself, meaning there is no impediment to his compliance. *See* the Companies' Reply to their Motion for an Order to Show Cause why

4

deposition, respond to questions, and fully produce the documents as required by Judge Lenard's Order.

Dated: November 13, 2024

                              Respectfully submitted,

                              RIVERO MESTRE LLP
*Attorneys for The Renco Group, Inc. and*
*The Doe Run Resources Corporation*
2525 Ponce de Leon Blvd. Suite 1000 Miami, Florida 33134
Tel.: (305) 445-2500
Fax: (305) 445-2505

By: /s/ *Robert J. Kuntz*
    Robert J. Kuntz, Jr.
    Florida Bar No. 94668
    rkuntz@riveromestre.com
    Ana Malave
    Florida Bar No. 83839
    amalave@riveromestre.com
    Angelica Mecias
    Florida Bar No. 1031690
    amecias@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on November 13, 2024, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF and via email to pro se party Victor Careaga at victoracareaga23@gmail.com.

                              /s/ *Robert J. Kuntz*
                              Robert J. Kuntz, Jr.

---

Victor Careaga and the Law Firms Should Not Be Held in Contempt for Violating this Court's Order. ECF No. 126 at 4.