UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21115-CIV-LENARD/LOUIS

IN RE: THE MATTER OF THE *EX PARTE* APPLICATION OF THE
RENCO GROUP INC. AND THE DOE
RUN RESOURCES CORPORATION
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782
_____/

## OMNIBUS ORDER DENYING MOTIONS FOR RECONSIDERATION

THIS MATTER is before the Court on the Amended Motion for Reconsideration and to Vacate Judgment ("Halpern Motion") (D.E. 140) filed by Halpern Santos & Pinkert, P.A. ("Halpern") and the Motion for Reconsideration and to Vacate Order ("Careaga Motion") (D.E. 147) filed by Victor Careaga ("Careaga").[1] Renco Group Inc. and Doe Run Resources Corporation (collectively "Renco") filed a response ("Response to Halpern") (D.E. 143) to the Halpern Motion and a response ("Response to Careaga") (D.E. 148) to the Careaga Motion. Halpern filed a reply ("Halpern Reply") (D.E. 145) to the Response to Halpern. Careaga did not file a reply to the Response to Careaga. As both Motions raise similar arguments, the Court will address both in the present Order. The Court, having reviewed the Halpern Motion, the Response to Halpern, the Halpern Reply, the Careaga Motion, the Response to Careaga, the docket, and being otherwise fully advised in the premises, finds as follows.

---

[1] The Halpern Motion and the Careaga Motion will be referred to as the "Motions" when jointly referenced. Halpern and Careaga, when referenced jointly, will be referred to as "Movants."

**I.      Background**[2]

On December 3, 2024, Halpern filed the Halpern Motion, seeking reconsideration and vacation of three prior orders entered by this Court under Rule 60(b). D.E. 140 at 1. The first order that Halpern requests the Court reconsider and vacate is the Order on the *Ex Parte* Application for Authorization to Take Discovery Pursuant to 28 U.S.C. § 1782 ("1782 Order") (D.E. 8). The 1782 Order authorized Renco to take discovery from Careaga for use in a criminal investigation in Peru. D.E. 8 at 1. The other orders that Halpern requests the Court reconsider and vacate are the Omnibus Order Denying Appeals of Intervenors ("Order Denying Appeals") (D.E. 98) and the Supplemental Omnibus Order Denying Appeals of Intervenors ("Supplemental Order") (D.E. 106).[3] D.E. 140 at 1.

The Supplemental Order laid forth the Court's reasoning in denying Halpern's appeal of the Magistrate Judge's Order Regarding Assertions of Privilege (D.E. 78), finding that Halpern had failed to prove that the Magistrate Judge had erred in her decision.[4] D.E. 106 at 20.

---

[2] The Court will not engage in a full recitation of the history of this case to date. For a thorough overview of this case, refer to D.E. 106.

[3] The Order Denying Appeals denied the appeal of Halpern, as well as the appeal filed jointly by Rodriguez Tramont and Nuñez, P.A. and Napoli Shkolnik PLLC. The Supplemental Order augmented the reasoning of the earlier order. Since the Supplemental Order includes all the reasoning of the Order Denying Appeals, and expands on the Court's reasoning therein, the Court will, when discussing the two orders, primarily refer to the Supplemental Order. Halpern filed a Notice of Appeal of the Order Denying Appeals on October 10, 2024. D.E. 100. This appeal is currently pending.

[4] The Order Regarding Assertions of Privilege found that Halpern had failed to adequately demonstrate that the Work-Product Privilege or Attorney-Client Privilege protected from discovery any of the documents sought by Renco. D.E. 78 at 9-17.

For each of these orders, Halpern bases its request for reconsideration on newly discovered evidence, an intervening change in controlling law, and Careaga's direct participation in the Peruvian investigation. D.E. 140 at 1-2. The Halpern Motion argues that because of these reasons, an analysis of the *Intel* factors now weigh against permitting this § 1782 action. *Id.* at 13-18. Finally, Halpern requests that should the Court deny the Halpern Motion, the Court enter a protective order prohibiting Renco from using any discovery obtained in this action in any proceeding in the United States. *Id.* at 19-20.

Renco filed its Response to Halpern on December 17, 2024, alleging that the Halpern Motion is an attempt to relitigate issues. D.E. 143 at 2. The Response to Halpern states that there is no new evidence, no change in controlling law, and that Careaga's participation in the Peruvian investigation is irrelevant. *Id.* at 4-9. *Id.* at 9-10. Renco alleges that the Halpern Motion is a part of a pattern of persistent delay and misconduct, and thus warrants an award of sanctions. *Id.* at 10-11. Halpern filed the Halpern Reply on December 23, 2024, realleging its prior arguments and denying any misconduct. D.E. 145.

The Careaga Motion was filed on January 2, 2025, arguing that the Court should reconsider and vacate the Order Denying Appeal of Respondent (D.E. 84). D.E. 147. The legal argument of the Careaga Motion broadly follows in the shadow of the Halpern Motion arguing that vacation of the Order Denying Appeal of Respondent is warranted by new circumstances: (1) the amendments to the Peruvian criminal code alluded to by Halpern; (2) Careaga's participation in the Peruvian investigation; and (3) Careaga's interview with Peruvian prosecutors, which, Careaga claims demonstrates his submission to Peruvian jurisdiction. *Id.* at 1. Careaga likewise argues that the *Intel* factors now disfavor this § 1782

3

action.[5] D.E. 147 at 8-12. Careaga, like Halpern, requests that the Court issue a protective order prohibiting Renco from using the discovery it seeks. Id. at 13.

Renco filed the Response to Careaga on January 6, 2025, which repeated its arguments from the Response to Halpern and requested an award of sanctions. D.E. 148. Careaga has not filed a reply.

## II. Applicable Law and Legal Standard

28 U.S.C. § 1782 permits a district court to order a person to provide evidence for use in a foreign proceeding. 28 U.S.C. § 1782(a). There are four statutory requirements for § 1782 application to succeed: (1) the request must be made by a foreign or international tribunal or by any interested person; (2) the request must seek evidence, whether the evidence is testimonial or documentary in nature; (3) the evidence must be "for use" in a foreign proceeding; and (4) the person from whom the evidence is sought must reside in the district where the application is filed. 28 U.S.C. §1782(a); *See In re Clerici*, 481 F.3d 1324, 1331-1332 (11th Cir. 2007). Each of these statutory requirements must be met before a district court may grant a § 1782 application.

The Supreme Court in *Intel* laid forth four further factors for district courts to consider in deciding whether to grant a § 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, as when there are, the need for discovery is less apparent; (2) the nature of the foreign tribunal, the character of

---

[5] Careaga filed a Notice of Appeal (D.E. 121) of the Order Denying Appeal of Respondent (D.E. 97). In that Order, the Court affirmed the Magistrate Judge's Order on Motion to Compel (D.E. 79). Careaga has since voluntarily dismissed his appeal. *See* D.E. 153.

4

the proceedings, and the tribunal or government's receptivity to the aid § 1782 may provide; (3) whether the § 1782 request represents an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the discovery request is unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 244-245 (2004). Further, simply because a Court may grant a § 1782 application, does not mean that it must. *Id.* at 242.

Rule 60(b) provides that a court may, upon a motion and with good reason, "relieve a party or its legal representative from a final judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(b). The bases for a Rule 60(b) motion are: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not, with reasonable diligence, have been timely discovered; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, discharged, released, it is based on an earlier judgment which has been reversed, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1-6). A Rule 60(b) motion must be made within a reasonable time, and with the exception of a motion made on the basis of Rule 60(b)(4-6), no more than a year after the entry of the judgment or order from which relief is being sought. Fed. R. Civ. P. 60(c)(1).

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (Gold, J.). A movant for reconsideration must provide at least one of the three following bases for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest

5

injustice. *Id.* at 1369. A successful motion for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions." *Id.*

That a party "is unhappy or disagrees with the Court's decision is not grounds for reconsideration. *Sherrod v. Sch. Bd. of Palm Beach Cnty.*, No. 12-CV-80263, 2012 WL 12895258, at *2 (S.D. Fla. Oct. 29, 2012) (Ryskamp, J.). Finally, the Court observes that a motion for reconsideration is a proper avenue to reconsider an order granting a § 1782 application. *See In re Bracha Found*, 663 Fed.Appx. 755 (11th Cir. 2016).

## III.   Discussion

### a. Halpern and Careaga Have Not Presented Grounds for Reconsideration or Vacation of the Court's Orders

The Court begins its analysis by looking at Halpern and Careaga's bases for reconsideration of the Court's previous orders. Halpern argues that: (1) recent amendments to the Peruvian criminal code render infeasible the continuation of the Peruvian investigation on which this § 1782 action is predicated; (2) Careaga's participation in the Peruvian investigation dispenses with the need for § 1782 discovery; and (3) new information shows that Careaga's work with Halpern is irrelevant to the Peruvian investigation. D.E. 140 at 1-2. Careaga echoes Halpern's first and second arguments, and additionally argues that since he has answered questions from the Peruvian investigation team, he has now submitted to Peruvian jurisdiction. D.E. 147 at 1.

First, the Court is unpersuaded by Movants' argument that amendments to the Peruvian criminal code nullify the § 1782 action. Movants state that an amendment to Article 317.2 of the Penal Code of Peru, entered on October 19, 2024, signifies that "it remains unclear whether the Organized Crime Unit will even be able to continue the investigation considering that the alleged conspiracy can no longer be charged under Peruvian law." D.E. 140 at 14. To the Court's knowledge, the Peruvian investigation is ongoing, presumably in anticipation of filing criminal charges. Notably, action was taken by the Peruvian investigators *after* the amendments to the Peruvian criminal code, specifically by scheduling an interview with Careaga on November 12, 2024, which was later rescheduled and held on December 13, 2024. *Id.* at 7. The Court will not make assumptions about the viability of the criminal investigation underway in Peru while that investigation is still in progress. Such an argument fails to assert grounds for reconsideration.

Second, the Court is likewise not persuaded by the argument that Careaga's participation in the Peruvian investigation presents a basis for reconsideration of the orders at issue. The Movants argue that the discovery request on which this § 1782 action is premised has been satisfied by Careaga's interview with the Peruvian investigation team. D.E. 140 at 13-14; D.E. 147 at 4. Renco argues that Careaga was less than forthcoming in his interview, that the interview process was less thorough than a domestic deposition, that the 1782 Order covers more than Careaga's testimony, and that there is no exhaustion requirement innate in § 1782. D.E. 143 at 5-7.

7

While it is true that there is no exhaustion requirement implicit in § 1782, the Supreme Court has held that the need for discovery provided by § 1782 is less apparent when the person from whom discovery is sought is a party to the foreign proceedings. *Intel*, 542 U.S. at 264. Thus, the Court is more persuaded by the concern that Careaga's participation does not cover the full breadth and depth of the Court's 1782 Order. The 1782 Order covers both documents and testimony, and Careaga's conversation with Peruvian Investigators only covers the testimonial prong, if that. See D.E. 8; D.E. 1-2. The Court is likewise unconvinced that Careaga was entirely forthright in his interview with the Peruvian investigators. When asked about the documents which are subject to the 1782 Order, Careaga claimed that the "information and documents are subject to legal privileges." D.E. 150 at 15. While Careaga, Halpern, and other law firms involved in this case have advanced the claim that the documents covered by the 1782 Order are protected by privilege, the Magistrate Judge and this Court have both reached contrary conclusions. *See* D.E. 78; D.E. 97; D.E. 98; D.E. 106.

For these reasons, Movants' claims that Careaga has effectively dispensed with the need for the § 1782 discovery by sitting for an interview with Peruvian investigators are unpersuasive. Neither is the Court convinced that Careaga has submitted to the jurisdiction of the foreign tribunal. Careaga's participation in the Peruvian investigation does not constitute newly discovered evidence or create a basis for reconsideration.

Finally, the Court is not persuaded by Halpern's claim that the documents covered by the 1782 Order are beyond the scope of the Peruvian investigation. D.E. 140 at 14-16. The Peruvian investigators are exploring alleged criminal conduct in which Careaga may

have been involved. Nothing in the "Declaracion Indigatoria de Victor Armando Careaga" ("Declaration") or any other Peruvian document provided to the Court indicates that the Peruvian investigators are disinterested in the documents covered by the 1782 Order. *See* D.E. 150.

For these reasons, the Court finds there is no basis for reconsideration or vacation of its orders and will not humor the Movants by reevaluating the § 1782 factors.

### b. *A Protective Order is Unwarranted*

Halpern and Careaga both request that in the event the Court denies their respective requests for reconsideration and vacation of the Court's orders, the Court instead enter a protective order shielding any of the documents in question from being used in any action in the United States. D.E. 140 at 19-20; D.E. 147 at 12-13. Movants suggest that Renco is attempting to use the § 1782 process to obtain evidence by circumventing the Federal Rules of Civil Procedure. *Id.* To support their arguments, Movants cite the case of *Glock v. Glock*, in which the Eleventh Circuit Court of Appeals stated, in pertinent part "We acknowledge that a § 1782 applicant could attempt to abuse the statute to obtain documents outside the discovery procedures set forth in the Federal Rules of Civil Procedure. But it naturally follows from the existence of the third *Intel* factor that this kind of subterfuge is a valid reason to reject a § 1782 application in the first place." *Glock v. Glock, Inc.*, 797 F.3d 1002, 1009 (11th Cir. 2015).

The Court also takes notice that § 1782 explicitly states that a "person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782(a). In the present case,

9

Halpern has argued that the documents sought by Renco are protected by attorney-client privilege and work product privilege. D.E. 57. These arguments were found to be fruitless, first by the Magistrate Judge and then by this Court on appeal. D.E. 78; D.E. 98; D.E. 106.

The Court has had no indication that Renco is attempting to subvert federal evidence-gathering proscriptions and sees no reason to enter a protective order to shield documents legitimately discovered in this case. Simply that Renco *might* use these documents in later litigation is not a basis to enter a protective order. *See Glock*, 797 F.3d at 1007 ("If, for example, a plaintiff obtains documents in discovery in one case, nothing precludes her from using that evidence in a wholly separate lawsuit against the same defendant or a different party, even though she would not have had those documents to use in the second case had she not lawfully received them as discovery in the first case. The law does not require her to rediscover the documents in the second case.").

### c. *The Request for an Award of Sanctions is Denied*

Finally, the Court turns to Renco's request that the Court sanction the Movants and enter an award of attorney's fees expended in defense against the Motions. D.E. 143 at 10; D.E. 148 at 9-10. On January 10, 2025, Renco filed a Motion for an Order to Show Cause, Motion for Sanctions, and Motion for a Hearing (Motion for OTSC) (D.E. 151), in which it requested, *inter alia*, that the Court sanction the Movants and award attorney's fees incurred in responding to the Motions. D.E. 151 at 10-13. The Court treats the request for sanctions in the Motion for OTSC as superseding Renco's request for sanctions in its Response to Halpern and Response to Careaga. Accordingly, Renco's request for an award of sanctions is denied as moot.

## IV. Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Halpern Motion (D.E. 140) and the Careaga Motion (147) are **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of April, 2025.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**