**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-21115-JAL

IN RE: THE RENCO GROUP INC. and
THE DOE RUN RESOURCES
CORPORATION

_____/

**<u>ORDER</u>**

**THIS CAUSE** is before the Court upon Petitioners' Expedited, Partially Consented Motion for Order of Voluntary Dismissal. (ECF No. 211). Respondent Victor Careaga does not oppose the relief sought, nor do the Intervenors Rodriguez Tramont & Nunez, P.A. and Napoli Shkolnik PLLC. (ECF No. 214). The Intervenor Halpern Santos & Pinkert, P.A. ("Halpern"), on the other hand, filed a response in opposition to Petitioners' Motion. (ECF No. 213). This matter has been referred to the undersigned Magistrate Judge by the Honorable Joan A. Lenard for all Pretrial Non-Dispositive Matters and for a Report and Recommendation on any Dispositive Matters. (ECF No. 11). For the reasons set forth below, the Motion is **DENIED.**

I. **BACKGROUND**

Petitioners instituted this action pursuant to 28 U.S.C. § 1782 to obtain discovery from a resident of the Southern District of Florida, Victor Careaga, for use in criminal proceedings in the Republic of Peru. Those proceedings relate to the investigative techniques allegedly practiced by counsel and their agents representing plaintiffs in a suit pending in the Eastern District of Missouri. Until 2013, Careaga was an attorney and co-counsel to Halpern, a law firm representing plaintiffs in a related consolidated mass tort litigation, also in the Eastern District of Missouri.

Halpern sought leave to intervene in this action to invoke work-product protections over documents held by Careaga as a former attorney at Halpern, and to assert attorney-client privilege

1

on behalf of Halpern's absent, former, unnamed clients. (ECF No. 45). The motion to intervene was granted. (ECF No. 59).

In February of 2023, Petitioners issued a subpoena demanding Careaga's deposition testimony and the production of 21 categories of documents in connection with that deposition. (ECF No. 20-7 at 11–14). The subpoena was the subject of two motions to compel, filed by Petitioners and granted against Careaga, *see* (ECF Nos. 70, 79), and two motions for protective orders over the document production, filed by the Intervenors, which were denied, *see* (ECF Nos. 70, 78).

The Intervenors appealed the undersigned's order overruling their assertions of privilege to the District Court Judge, who denied their appeals. (ECF No. 98). The Intervenors then filed Notices of Appeals with the Eleventh Circuit Court of Appeals regarding the District Court's denial of their appeals. *See* (ECF Nos. 99, 100). The undersigned denied the Intervenors' motions to stay discovery on June 18, 2025. (ECF No. 166) (The "June Order"). The June Order required Careaga to "appear for deposition and produce the responsive documents within twenty-one days." (*Id.* at 13). Petitioners reissued their Notice of Videotaped Duces Tecum Deposition, *see* (ECF No. 167-1), and Careaga's deposition went forward on July 9, 2025. (ECF No. 168). Careaga filed a notice stating that he produced documents responsive to the subpoena via two USB flash drives at his deposition appearance. (*Id.*).

Petitioners pursued sanctions based on Careaga's incomplete document production, resulting in a Report and Recommendation that the District Court pursue further contempt proceedings against Careaga. *See* (ECF No. 204). While the Report and Recommendation was pending, Petitioners filed a Motion to Stay these proceedings that attached an order by the Honorable Rodney W. Sippel from the related action in the United States District Court for the

Eastern District of Missouri. (ECF Nos. 208, 208-1). Judge Sippel's Order provided, in relevant part, that the Petitioners "may not seek in the Florida cases discovery regarding any potential attorney-client privilege or work product information that applies equally to active and dismissed plaintiffs in the Florida cases." (ECF No. 208-1 at 10). Judge Sippel ordered that any attempts on the part of Petitioners to circumvent the ability of the plaintiffs "to assert attorney-client and work-product privileges on behalf of their active plaintiffs, will be met with sanctions, including the possibility of striking [Petitioners'] pleadings. . . ." (*Id.*).

Petitioners now seek voluntary dismissal of their section 1782 application under Federal Rule of Civil Procedure 41(a)(2).

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Petitioners seek to voluntarily dismiss this action and cease their efforts to obtain the discovery sought in their section 1782 application in an effort to comply with Judge Sippel's Order. Petitioners have requested expedited treatment of their motion so that they may obtain dismissal of this action prior to December 10, 2025, when oral argument is set before the Eleventh Circuit Court of Appeals. They state that, "[u]pon dismissal of this action by this Court, the Companies will move to have the appeal dismissed as moot, accordingly preserving judicial and party resources." (ECF No. 211 at 4).

Halpern responds that Petitioners' motion for dismissal here is an attempt at evading appellate review. In lieu of dismissal, Halpern submits that the case should remain open so that, in the event the Eleventh Circuit reverses and remands this matter, "the Court can enter a corrected order regarding disclosure." (ECF No. 213 at 1). Relatedly, Halpern argues that dismissal is

inappropriate because, in the event of reversal, Halpern may be entitled to additional relief beyond Petitioners' destruction of the documents, such as an order regarding permitted uses of the documents. (*Id.* at 3). Altogether, Halpern submits that this case should not be dismissed and the appeal should be decided on the merits, notwithstanding Judge Sippel's Order.

However, neither party has addressed whether and to what extend the District Court has jurisdiction to dismiss this action while the appeal is pending before the Eleventh Circuit. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Indeed Federal Rule of Appellate Procedure 42 provides that "*[b]efore an appeal has been docketed by the circuit clerk*, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties . . . ." Fed. R. App. P. 42(a) (emphasis added). And the Eleventh Circuit has explicitly stated that, during the pendency of an appeal, "the district court is without jurisdiction to exercise the authority to dismiss the case." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990).[1]

This Court has previously observed that "absent entry of stay on appeal, district courts have jurisdiction to enforce a final § 1782 order and to conduct further discovery proceedings to ensure compliance with a § 1782 order." (ECF No. 166 at 6) (quoting *In re Gonzalez*, No. 20-24628-MC, 2021 WL 9794643, at *2 (S.D. Fla. Oct. 19, 2021)) (internal quotation marks omitted). It was on that basis that the Court maintained jurisdiction to enforce its orders notwithstanding the pending appeal. However, Petitioners' current request goes beyond enforcement. The Intervenors filed their

---

[1] The Eleventh Circuit has further instructed that "[t]he established practice of the appellate courts in dealing with a civil case from a court in the federal system which has become moot pending appeal is to vacate the judgment below and to remand with instructions to dismiss." *Showtime/The Movie Channel, Inc.*, 895 F.2d at 713.

Notices of Appeals on October 8, 2024, (ECF Nos. 99, 100), noticing their respective appeals of the District Court's Order denying their appeal from the undersigned's Order Regarding Assertions of Privilege. By Petitioners' own admission, dismissal of this action will have the result of mooting the appeal pending before the Eleventh Circuit.

Accordingly, the Court does not find that it has jurisdiction to dismiss Petitioners' case while the appeal is pending with the Eleventh Circuit Court of Appeals. Accordingly, Petitioners' Motion is hereby **DENIED** and this matter shall remain **STAYED** pending a mandate from the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 8th day of December, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE